Nos. 19-1145, 19-1375, & 19-1978

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| ASHOOR RASHO, OTIS ARRINGTON, DONALD COLLINS, PATRICE DANIELS, GERRODO FORREST, JOSEPH HERMAN, HENRY HERSMAN, DESIREE HOLLIS, FREDRICKA LYES, RASHEED McGEE, CLARA PLAIR, CRYSTAL STONEBURNER, and KEITH WALKER, | ) ) ) ) ) ) ) ) ) | Appeal from the United States District Court for the Central District of Illinois |
| Plaintiffs-Appellees, | ) ) | No. 1:07-cv-01298 |
| v. | ) ) | |
| JOHN R. BALDWIN and MELVIN HINTON, in their official capacities, | ) ) ) | The Honorable MICHAEL M. MIHM, |
| Defendants-Appellants. | ) | Judge Presiding. |

**DEFENDANTS-APPELLANTS' UNOPPOSED MOTION FOR
EXTENSION OF TIME TO FILE OPENING BRIEF**

Defendants-Appellants move this court for a 30-day extension of time from July 1 to July 31, 2019, to file their opening brief in this appeal and submit the two attached declarations in support of this motion.

            Respectfully submitted,

            KWAME RAOUL
            Attorney General
            State of Illinois

     By: /s/ Frank H. Bieszczat
        FRANK H. BIESZCZAT
        Assistant Attorney General
        100 West Randolph Street, 12th Floor
        Chicago, Illinois 60601
        (312) 814-2234
        fbieszczat@atg.state.il.us

# DECLARATION

I, Frank Bieszczat, state the following:

1.　　I am a citizen of the United States over the age of 18. My current business address is 100 West Randolph Street, 12th Floor, Chicago, Illinois, 60601. I have personal knowledge of the facts set forth in this declaration. If called upon, I could competently testify to these facts.

2.　　I am an Assistant Attorney General in the Civil Appeals Division of the Office of the Attorney General of the State of Illinois, and have been assigned to co-represent Defendants-Appellants John Baldwin and Melvin Hinton in their official capacities in the consolidated appeals before this court entitled *Rasho v. Baldwin*, Nos. 19-1145, 19-1375, & 19-1978.

3.　　Defendants-Appellants' opening brief is due to be filed with this court on July 1, 2019, on one extension of time. Defendant-Appellant filed a motion for an extension of time on May 22, 2019, 7th Cir. Doc. 29, which was granted that same day, 7th Cir. Doc. 30. This court then set the due date for July 1 in its consolidation order entered on May 24. 7th Cir. Doc. 31.

4.　　This motion is being made seven days before the response brief's due date, as required by 7th Cir. R. 26.

5.　　I will not be able to finish drafting the opening brief in this appeal, have it reviewed through the regular review process of the Civil Appeals Division, finalize the draft, and file the brief in this court by July 1, 2019, for several reasons.

6. On May 28, 2019, I filed a petition for judicial enforcement of a final order of the Illinois Labor Relations Board in *People of the State of Illinois ex rel. Illinois Labor Relations Board v. City of Harvey* (Illinois Appellate Court, First District, No. 1-19-1068). The petition sought enforcement of an order requiring Respondent to comply with a Board order directing it to bargain in good faith over modifications to an existing collective bargaining agreement. I gave this mater priority in my work schedule because it addressed ongoing noncompliance with a Board order.

7. On June 12, 2019, I filed state Defendants-Appellees' response brief with this court in *Janus v. American Federation of State, County & Municipal Employees*, No. 18-3026, on one extension of time. The case concerns whether to recognize a good-faith defense to section 1983 liability for private parties who reasonably rely on the validity of existing state laws. I gave this matter priority in my work schedule because one extension of time had already been granted, the case involves multiple defendants-appellees, and this court ordered that the appeal would be argued the same day as another appeal addressing the same issue.

8. On July 3, 2019, I am scheduled to file Defendants-Appellees' response brief with this court in *Proft v. Raoul*, No. 18-3475, on four extensions of time. The case concerns constitutional challenges to provisions in the Illinois Election Code on campaign contribution limits, self-funded candidates, and independent expenditure committees. I am giving this matter priority in my work schedule because four extensions of time have already been granted.

9. I have also devoted time to performing various supervisory and administrative duties in my capacity as a Supervising Attorney, including reviewing briefs in *Western Illinois University v. Illinois Educational Labor Relations Board* (Illinois Appellate Court, Fourth District, No. 4-18-0696), *Stallings v. Best* (United States Court of Appeals for the Seventh Circuit, No. 18-3143), *Peterson v. Illinois Human Rights Commission* (Illinois Appellate Court, Second District, No. 2-18-0709), and *Owens v. Duncan* (United States Court of Appeals for the Seventh Circuit, No. 7-17-3504); assisting preparations for oral argument in *American Federation of State, County & Municipal Employees v. Illinois Labor Relations Board* (Illinois Appellate Court, First District, No. 1-18-1685), and *People v. Illinois Commerce Commission* (Illinois Appellate Court, First District, No. 1-18-0679); and reviewing jurisdictional issues in multiple appeals.

10. In addition, I am getting married on June 29, 2019, and I will be out of the office on June 27 and 28 to complete preparations for the event.

11. On June 24, 2019, I gave notice to Harold C. Hirshman, the attorney for the opposing parties in this appeal, by providing a copy of this motion before it was filed with this court. That attorney does not object to this motion.

12. I do not request this extension of time from July 1 to July 31, 2019, to file the opening brief in this appeal for purposes of delay, but so that I may meet my professional responsibilities, properly represent my clients, and provide this court with a thorough brief in this appeal.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on June 24, 2019.

/s/ Frank H. Bieszczat
FRANK H. BIESZCZAT
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601
(312) 814-2234
fbieszczat@atg.state.il.us

# DECLARATION

I, Katelin B. Buell, state the following:

1.  I am a citizen of the United States over the age of 18. My current business address is 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. I have personal knowledge of the facts set forth in this declaration. If called upon, I could competently testify to these facts.

2.  I am an Assistant Attorney General in the Civil Appeals Division of the Office of the Attorney General of the State of Illinois, and have been assigned to represent Defendants-Appellants John Baldwin and Melvin Hinton in their official capacities in the consolidated appeals before this court entitled *Rasho v. Baldwin*, Nos. 19-1145 & 19-1375 & 19-1978. This is Defendants-Appellants second request for an extension of time to file a brief.

3.  This motion is being made seven days before the response brief's due date, as required by 7th Cir. R. 26.

4.  I will not be able to begin drafting the response brief in this appeal, have the draft reviewed through the regular review process of the Civil Appeals Division, finalize the draft, and file the brief with this court by July 1, 2019, for several reasons.

5.  On May 8, 2019, I filed the opening brief on behalf of Defendant-Appellant Illinois State Police in the Illinois Supreme Court in the case captioned *Johnson v. Illinois State Police*, No. 124213, on a final extension of time. This case involved an as-applied Second Amendment challenge to Section 922(g)(9) of the

Federal Gun Control Act, Sections 8(n), 10(b) and (c)(4) of the Illinois Firearm Owners Identification ("FOID") Act, and Title 20 Section 1230.20(h) of the Illinois Administrative Code after Petitioner Appellee's FOID Card was revoked because of her misdemeanour crime of domestic violence under 18 U.S.C. § 922(g)(9). This case was my top priority as Illinois State Police were Appellant in this case, which was on a final extension of time in the Illinois Supreme Court.

6. On May 20, 2019, I filed a motion to keep the record on appeal under seal in response to this court's April 29, 2019 order in *Freeman v. Reichert*, No. 19-1834, due to confidential issues in an Eighth Amendment case.

7. On May 21, 2019, I filed a jurisdictional response on behalf of State Defendants-Appellees in this court in *Williams v. Clark*, No. 19-1348. Williams sued various prison officials for failing to protect him from an inmate assault in violation of the Eighth Amendment, as well as medical staff for exhibiting deliberate indifference by failing to treat his medical condition following an assault in violation of the Eighth Amendment, and is still pending in the district court.

8. On May 29, 2019, I was required to participate in a mandatory mediation through this Court's Mediation Office pursuant to Seventh Circuit Rule 33 for the related appeals both entitled *Talafhah v. Baldwin*, 18-2393 & 19-1783. This case involves claims of excessive force in violation of the Eighth Amendment following a prisoner search. Prior to that date, I had to prepare for that mediation, which included familiarizing myself with the record on appeal, performing legal research, and conferring with the trial attorney and client.

9. On June 7, 2019, filed a response brief on behalf of Defendants-Appellees in *Masud v. Ill. Dep't of Fin. & Prof'l Regulation*, No. 2-19-0331, in the Illinois Appellate Court, Second Judicial District, on one extension of time. This case involved an interlocutory appeal from the denial of a motion to stay a decision of the Director of the Division of Professional Regulation of the Illinois Department of Financial and Professional Regulation automatically and immediately suspending a healthcare worker's chiropractic license following a criminal conviction pending administrative review. Given the nature of the case, there was a compressed briefing schedule under Ill. Sup. Ct. R. 307(a)(1), and so it was given priority in my work schedule.

10. On June 18, 2019, I filed a reply brief on behalf of Respondent-Appellant Illinois State Police in *Brown v. Illinois State Police*, No. 3-18-0409, on two extensions of time. This case involved a challenge of a revocation of a FOID Card for one with a misdemeanor crime of domestic violence conviction under 18 U.S.C. § 922(g)(9), which barred the petitioner from obtaining a Firearm Owner's Identification Card under the Illinois FOID Act. Given the number of extensions already granted for this reply brief, this case had a priority in my briefing schedule so that I could complete it by the court's deadline.

11. In addition, on June 20, 2019, I was required under Fed. R. App. P. 33 to participate in a settlement conference on behalf of State Defendants-Appellees in the United States Court of Appeals for the Seventh Circuit in the related appeals entitled *Young v. Rapp*, Nos. 18-1009, 18-1894. This mediation had to be rescheduled

by the mediation office on one previous occasion due to the scheduling conflicts of others. Prior to this date, I had to prepare for this mediation, which included familiarizing myself with the record on appeal, performing legal research, and conferring with the trial attorney and client.

12. On July 1, 2019, I am expected to file a brief on behalf of State Defendants-Appellees in this court in *Robertson v. French*, No. 17-3579, on a fifth and final extension of time. This case involves a dismissal of a case for failure to divulge a settlement in violation of the *in forma pauperis* statute. Because of my work on other matters, this case is my top priority so that I can complete it by this court's final deadline before I am out of the office on a long-planned holiday from July 1, 2019, to July 8, 2019.

13. On July 29, 2019, I am expected to file a brief on behalf of State Defendants-Appellees, Illinois State Police in *Evans v. Illinois State Police*, No. 1-18-1834, in the Illinois Appellate Court, First Judicial District on a fourth and final extension of time. This case involved a challenge of a revocation of a FOID Card for one with a felony conviction under 18 U.S.C. § 922(g)(1), which barred the petitioner from obtaining a Firearm Owner's Identification Card under the Illinois FOID Act. Once I have concluded the briefing in the *Robertson* case above, this brief will be my top priority given the number of extensions granted and the complexity of the subject matter.

14. I do not request this extension of time from July 1, 2019, to Monday, July 31, 2019, to file Defendants-Appellants' brief in this appeal for purposes of delay,

but so that I may try to meet my professional responsibilities, properly represent my clients, and provide this court with a thorough brief in this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on June 24, 2019.

/s/ Katelin B. Buell
**KATELIN B. BUELL**
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2772
kbuell@atg.state.il.us

# CERTIFICATE OF FILING AND SERVICE

I certify that on June 24, 2019, I electronically filed the foregoing **Defendants-Appellants' Motion for Extension of Time to File Opening Brief** with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I further certify that the other participants in this appeal are CM/ECF users and will be served by the CM/ECF system:

| | |
|---|---|
| Amanda C. Antholt<br>amanda@equipforequality.org | Alan S. Mills<br>alan@uplchicago.org |
| Harold C. Hirshman<br>harold.hirshman@snrdenton.com | Elizabeth Mazur<br>liz@uplcchicago.org |

/s/ Frank H. Bieszczat
FRANK H. BIESZCZAT
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601
(312) 814-2234
fbieszczat@atg.state.il.us